IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 22-11470-A

EDWARD DIMARIA,

                                                                                   Petitioner-Appellant,

versus

UNITED STATES OF AMERICA

                                                                                    Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

ORDER:

Edward DiMaria is a federal prisoner serving a 120-month sentence for conspiracy to commit securities fraud, and making false statements causing a public company to file inaccurate documents with the Securities and Exchange Commission ("SEC"). He seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion, raising the following grounds for relief: (1) trial counsel failed to conduct adequate factual and legal research, leading counsel to provide erroneous advice about the essential elements of the offenses, as well as his procedural rights and available defenses; (2) the district court violated his due process rights by allowing him to enter an involuntary, unknowing, and unintelligent guilty plea when he did not understand the facts and law relevant to his case, and where he was actually innocent; and (3) counsel failed to contest the sentencing enhancements for loss amount and the number of victims. He also requested an evidentiary hearing.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant satisfies this requirement by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that the issues "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a defendant challenges counsel's performance during plea negotiations, prejudice exists if, but-for counsel's errors, the defendant would have insisted on going to trial instead of pleading. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Counsel is not ineffective for failing to raise meritless issues. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

We review a district court's denial of an evidentiary hearing for abuse of discretion. *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002). A movant is entitled to an evidentiary hearing only if he "alleges facts that, if true, would entitle him to relief." *Id.* at 715. A court need not hold an evidentiary hearing, however, if "the files and records of the case *conclusively* show that the prisoner is entitled to no relief." *Id.* at 714 (internal quotation marks omitted).

The Due Process Clause of the Fourteenth Amendment requires a guilty plea to be equally voluntary and knowing. *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *Gaddy v. Linahan*, 780 F.3d 935, 943 (11th Cir. 1986). To determine whether the waiver is knowing and voluntary, a court accepting a guilty plea must comply with the three "core concerns" of Fed. R. Crim. P. 11 by ensuring that: (1) the guilty plea is free from coercion; (2) the defendant understands the nature

2

of the charges; and (3) the defendant understands the direct consequences of his plea. *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018).

Here, reasonable jurists would not debate the district court's denial of Ground 2. Mr. DiMaria's plea colloquy complied with the three core concerns of Fed. R. Crim. P. 11 and, thus, his plea was voluntary and knowing regardless of what advice he received from counsel leading up to it. *See Presendieu*, 880 F.3d at 1238. Moreover, insofar as Mr. DiMaria argues, in Ground 3, that counsel was ineffective for failing to object to the loss amount during sentencing, reasonable jurists would not debate the district court's conclusion that any such objection would have been futile because Mr. DiMaria already agreed to the amount during his plea colloquy. *See Bolender*, 16 F.3d at 1573; *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (applying a strong presumption that statements made during a plea colloquy are true).

However, insofar as Mr. DiMaria argues, in Ground 3, that counsel was ineffective during the plea negotiation stage for failing to advise him on how financial loss is calculated, reasonable jurists would debate the district court's holding. *See Slack*, 529 U.S. at 484. Reasonable jurists would also debate the district court's denial of Ground 1.

Thus, Mr. DiMaria's motion for a COA is GRANTED on the following issues:

(1) Whether the district court erred in denying, without an evidentiary hearing, Mr. DiMaria's claim that counsel was ineffective for failing to adequately investigate his case?

(2) Whether the district court erred in denying, without an evidentiary hearing, Mr. DiMaria's claim that the counsel was ineffective during the plea negotiation stage by failing to advise him on how financial loss is calculated?

UNITED STATES CIRCUIT JUDGE